# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

| | | |
|---|---|---|
| ADAM BRIDGEMAN, | : | |
| Petitioner, | : | Case No. 3:12cv00054 |
| vs. | : | District Judge Walter Herbert Rice |
| | | Magistrate Judge Sharon L. Ovington |
| WARDEN, Ohio State Penitentiary, | : | |
| | : | |
| Respondent. | : | |
| | : | |

# REPORT AND RECOMMENDATION[1]

## I. Introduction

On December 17, 2007, a masked man – or, more accurately, a ski-masked man – robbed the First Central National Bank in Christianburg, Ohio.  After receiving an anonymous phone tip, police began to suspect Adam Bridgeman as the culprit.  Further investigation led to state grand jury indictment and trials (two) in state court.  During Bridgeman's most recent state trial, the jury found him guilty of several crimes, including aggravated robbery.  He is now in state custody serving a 13-year sentence.

Bridgeman brings this case pro se seeking a writ of habeas corpus under 28 U.S.C. §2254.  The case is before the Court upon his Habeas Petition (Doc. #1), Respondent

---

[1] Attached hereto is a NOTICE to the parties regarding objections to this Report and Recommendations.

Warden's Motion to Dismiss/Alternative Motion for Stay (Doc. #11), and the record as a whole. Bridgeman's Petition seeks a writ of habeas corpus requiring his "release[] from prison." (Doc. #1, PageID at 15).

## II.     Background

### A.     First Trial and Direct Appeal

Bridgeman's jury trials took place in the Court of Common Pleas in Champaign County, Ohio. His first trial ended in 2008 when the jury found him guilty of aggravated robbery, aggravated burglary, grand theft, and a firearm specification attached to each felony. The trial judge sentenced him, in part, to a total prison term of 13 years. (Doc. #11, Exh. 1; *see* Doc. #2, PageID at 13).

Bridgeman's convictions did not withstand his direct appeal. On September 4, 2009, the Ohio Court of Appeals reversed his convictions and remanded for further proceedings. The reversible error found by the Ohio Court of Appeals concerned the trial court's admission of hearsay testimony by an investigating detective. The detective testified that he had received an anonymous telephone tip telling him that he "needed to look at Defendant, Adam Bridgeman." (Doc. #11, Exhibit 2, PageID at 186). The Ohio Court of Appeals found that the probative value of the detective's "testimony concerning the out-of-court statement was substantially outweighed by the danger of unfair prejudice to Bridgeman." *Id.*, PageID at 188.

Respondent explains that the Ohio Supreme Court subsequently denied the State of

Ohio's motion for leave to appeal. (Doc. #11, PageID at 170).

**B.      Second Trial and Direct Appeal**

Bridgeman's second jury trial ended the same way as his first. The jury found him guilty of aggravated robbery, aggravated burglary, and grand theft as well as the firearm specification attached to each felony. On May 10, 2010, the trial court again sentenced Bridgeman, in part, to a 13-year term of imprisonment. (Doc. #11, Exh. 3; *see* Doc. #2, PageID at 13).

Bridgeman filed a timely direct appeal in the Ohio Court of Appeals, raising three assignments of error:

> I.     The trial court erred in overruling Defendant's Criminal Rule 29 Motion because there was insufficient evidence to support the charges.
>
> II.    The trial court erred when it did not allow the Defendant to perform a demonstration using the State's exhibit.[2]
>
> III.   Appellant's convictions are against the manifest weight of the evidence.

(Doc. #11, Exh. 4)(capitalization removed)(footnote added).

On June 3, 2011, the Ohio Court of Appeals overruled Bridgeman's assignments of error and affirmed his convictions. *Id*. But, as to his sentence, the Ohio Court of Appeals took sua sponte notice of the trial court's error in failing to merge his convictions on the charges of aggravated robbery, aggravated burglary, and grand theft as allied offenses of

---

[2] During his case-in-chief, Bridgeman wanted to try on certain boots admitted into evidence that the prosecution had connected to the bank robbery. His goal: to demonstrate for the jury that the boots were too small to fit him. (Doc. #11, Exh. 4, PageID at 216).

similar import. For this reason, the Ohio Court of Appeals reversed Bridgeman's sentence and remanded his case for resentencing. (Doc. #11, Exh. 4, PageID at 219-24). While the case returned to the trial court for resentencing, neither Bridgeman nor the State of Ohio sought further review in the Ohio Supreme Court. (Doc. #11, PageID at 171).

On remand, in July 2011, the trial court sentenced Bridgeman to 10 years on his aggravated-robbery conviction plus a consecutive three-year sentence on the firearm specification. The trial judge then merged the remaining convictions into his aggravated-robbery conviction/firearm-specification convictions, thus sentencing Bridgeman to a total of 13 years. (Doc. #11, Exh. 5; *see* Doc. #2, PageID at 13).

Bridgeman filed a direct appeal raising two assignments of error:

1. The trial court erred in sentencing [him] to the maximum sentence of ten years imprisonment.

2. The trial court erred in sentencing [him] to a sentence consecutive to his sentence in Miami County[, Ohio].

(Doc. #11, Exh. 7). On May 11, 2012, the Ohio Court of Appeals rejected Bridgeman's sentencing challenges as meritless. (Doc. #11, Exh. 10).

Neither the record in the present case nor a search of the Ohio Supreme Court indicates that Bridgeman has sought further review in the Ohio Supreme Court.

### III.   Bridgeman's Federal Habeas Corpus Petition

Bridgeman raises three grounds for relief in his habeas petition:

Ground One:   The trial court erred when it overruled my Motion [under Rule] 29 because there was not sufficient evidence to support the charges.

| | |
|---|---|
| Supporting Facts: | Not enou[gh] eviden[ce]. I was convicted on DNA evidence w[here] my DNA was not the only DNA found but my DNA was the only one found with a prison record. I was never described by any wi[t]ness. I was never put at the crime[.] The description of the criminal did not ev[e]n match mine. Th[ere] was no DNA or fingerprints of mine in the bank. The ev[i]dence that was used was found on the side of the road in the middle of the country not ev[e]n in the area of the bank. |
| Ground Two: | The state [sic] erred when it did not allow me to demonstr[ate] using the state[']s exhibits. |
| Supporting Facts: | During the trial th[ere] was a pair of boots used as evidence that could not fit me and they are supposed boots from the bank robbery. When I tried to put them on and prove them to be to[o] small[,] the state would not allow it. This is the reason I got on the stand to testify but was denied. |
| Ground Three: | Appellant[']s convictions are against the manifest weight of the evidence. |
| Supporting Facts: | I was found guilty and sentenced with no actual proof that I or the evidence found at the side of the road was ever ev[e]n in the bank. The clothes looked to be the same but were never proven to be or for that matter I was never proven to have been in that bank. |

(Doc. #1, PageID at 5-8).

## IV. Discussion

Respondent contends that Bridgeman has not exhausted his claims in the Ohio courts because he may still seek to raise them in the Ohio Supreme Court. Respondent therefore seeks a dismissal of Bridgeman's habeas petition or, alternatively, an order staying the case and holding in abeyance while he exhausts his state remedies. Bridgeman has not responded to Respondent's motions.

The United States District Courts have the authority to grant a writ of habeas corpus

to a prisoner who is state custody "in violation of the Constitution . . . of the United States." 28 U.S.C. §2241(a), (c)(3). This authority is limited in several significant ways, including the exhaustion requirement:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that ... the applicant has exhausted the remedies available in the courts of the State....

28 U.S.C. §2254(b)(1)(A). Thus, "[b]efore seeking a federal writ of habeas corpus, a state prisoner must exhaust available state remedies..., thereby giving the State the opportunity to pass upon and correct alleged violations of its prisoners' federal rights." *Baldwin v. Reese*, 541 U.S. 27, 29 (2004)(internal citations and punctuation omitted). The exhaustion requirement exists in federal habeas cases because comity and federalism require federal courts to give the state courts a first opportunity to decide a petitioner's claims. *Rhines v. Weber*, 544 U.S. 269, 274, 125 S.Ct. 1528 (2005). Comity applies "[b]ecause 'it would be unseemly in our dual system of government for a federal district court to upset a state court conviction without an opportunity to the state courts to correct a constitutional violation....'" *Id*. (quoting *Lundy*, 455 U.S. at 518, 102 S.Ct. 1198) (other citation omitted). Federalism arises because "[u]nder our federal system, the federal and state 'courts [are] equally bound to guard and protect rights secured by the Constitution.'" *Rose v. Lundy*, 455 U.S. 509, 518, 102 S.Ct. 1198 (1982) (quoting in part *Ex parte Royall*, 117 U.S. 241, 251, 6 S.Ct. 734, 740 (1886)).

Respondent's argument that Bridgeman has not fully exhausted in his habeas grounds

for relief is well taken. Bridgeman has not presented any of his three grounds for relief to the Ohio Supreme Court. He can still do so – and thus provide the Ohio Supreme Court with an opportunity to rule on his grounds for relief – by filing a motion for leave to file delayed appeal under Rule II, 2.2(A)(4)(a) of the Supreme Court Rules of Practice.

Because Bridgeman's habeas petition only raises unexhausted claims, two alternative outcomes arise: (1) dismissal of his habeas petition without prejudice to renewal after he exhausts his claims in the Ohio Supreme Court, or (2) issuance of an Order staying the instant case and holding it in abeyance while he returns to state court and exhausts his claims. The latter – stay-and-abey – procedure applies in only limited circumstances. *Rhines*, 544 U.S. at 277, 125 S.Ct. 1528. "Because granting a stay effectively excuses a petitioner's failure to present his claims first to the state courts, stay and abeyance is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court. Moreover, even if a petitioner had good cause for that failure, the district court would abuse its discretion if it were to grant him a stay when his unexhausted claims are plainly meritless." *Id*.

Faced with Respondent's motion to dismiss on the ground of exhaustion, Bridgeman has remained silent; he has not opposed or responded to the motion to dismiss. The only document he has filed so far in this case is his habeas petition, which contains no explanation why he has not exhausted his claims in the Ohio Supreme Court by filing an appeal of the Ohio Court of Appeals' June 3, 2011 decision, when it rejected the claims he raises in the instant case, or by filing an appeal of the Ohio Court of Appeals' decision on

7

May 11, 2012, when it rejected his sentencing challenges. As a result, the record fails to reveal the existence of any reason, let alone one constituting good cause, for his failure to exhaust his claims in the Ohio Supreme Court.

Accordingly, Bridgeman has not exhausted his grounds for relief, and he has not shown that the stay and abey procedure applies in the present circumstances of his case. *See Rhines*, 544 U.S. at 277-78, 125 S.Ct. at 1535. Dismissal without prejudice of his habeas petition is therefore warranted.

### IT IS THEREFORE RECOMMENDED THAT:

1. Respondent Warden's Motion to Dismiss (Doc. #11) be GRANTED and Bridgeman's Petition for Writ of Habeas Corpus (Doc. #1) be DISMISSED without prejudice to refiling after Bridgeman exhausts his state court remedies, provided that it is filed within the applicable statute of limitations period;

2. Respondent Warden's Alternative Motion for Stay (Doc. #11) be DENIED as moot; and

3. The case be terminated on the docket of this Court.

In addition, the Ohio Department of Rehabilitation and Corrections' website presently indicates that Petitioner is incarcerated in the Toledo Correctional Institution. Consequently, the Clerk of Court is directed to update Petitioner's address of record as follows:

>Adam Bridgeman
>579908
>Toledo Correctional Institution
>P.O. Box 80033

        2001 East Central Avenue
        Toledo, Ohio 43608


November 20, 2012

                            s/Sharon L. Ovington
                              Sharon L. Ovington
                        United States Magistrate Judge

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations.  Pursuant to Fed. R. Civ. P. 6(d), this period is extended to seventeen days because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(C), (D), (E), or (F).  Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections.  If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs.  A party may respond to another party's objections within fourteen days after being served with a copy thereof.

Failure to make objections in accordance with this procedure may forfeit rights on appeal.  *See United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *Thomas v. Arn,* 474 U.S. 140 (1985).